**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL LYNN E.,** | ) | |
| | ) | **No. 19 C 7636** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Daniel Lynn E. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

On September 19, 2011, plaintiff filed an application for benefits alleging a disability onset date of November 4, 2010. (R. 79, 98.) His application was denied initially, on reconsideration, and after a hearing. (R. 79-82, 38-48.) The Appeals Council declined review (R. 1-3), and plaintiff appealed to this Court, which reversed and remanded for further proceedings. (R. 1547-59.)

On April 24, 2014, plaintiff filed a second application for benefits, alleging a disability onset date of April 9, 2013. (R. 1520-21.) He was found to be disabled as of June 3, 2014, his fifty-fifth birthday. (R. 1530.) That onset date was upheld on reconsideration, and when plaintiff requested a hearing, the Appeals Council directed the Commissioner to consolidate the 2011 and 2014 claims. (R. 1544, 1569.)

On October 31, 2016, an administrative law judge ("ALJ") held a hearing regarding the period November 4, 2010 through June 2, 2014. (R. 1461-87.) In a decision dated December 6,

2016, the ALJ found that plaintiff was not disabled at any time during that period. (R. 1440-51.) The Appeals Council declined review (R. 1393-95), leaving the ALJ's decision as the final decisions of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The

claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity between the November 4, 2010 and June 2, 2014. (R. 1443.) At step two, the ALJ determined that, during that period, plaintiff had the severe impairments of "obesity, status post lumbar fusion, and left shoulder impairment." (*Id.*) At step three, the ALJ found that, during that period, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that, during that period, plaintiff was unable to perform past relevant work but had the RFC to perform light work with certain exceptions. (R. 1444, 1449.) At step five, the ALJ found that, during the relevant period, there were jobs in significant numbers in the national economy that plaintiff could have performed, and thus he was not disabled. (R. 1450-51.)

Plaintiff contends that the ALJ improperly rejected the opinions of his treating physicians, Drs. Ricca and Bajaj. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must give good reasons for the weight that it assigns a treating physician's opinion. *Bates v. Colvin*, 736 F.3d 1093, 1101 (7th Cir. 2013); *Roddy v. Astrue*, 705 F.3d 631, 636-37 (7th Cir. 2013). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's

specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

Drs. Ricca and Bajaj opined that plaintiff could not lift more than ten pounds, could not do repetitive twisting, turning, bending, climbing, squatting, kneeling, pushing, or pulling. (R. 413, 419, 1181, 1300, 1304.) The ALJ gave "little weight" to these opinions because: (1) Dr. Ricca, plaintiff's "long-term treat[er]," is a family practitioner, not a spine specialist; (2) Dr. Bajaj, who is a spine specialist, only treated plaintiff for four months; (3) the doctors' opinions are inconsistent with plaintiff's medical records, which show normal neurological function and gait; and (4) the doctors' opinions are inconsistent with those of the State agency medical consultants and the independent medical examiner ("IME). (R. 1448-49.)

It was appropriate for the ALJ to consider the doctors' specialties in weighing their opinions. 20 C.F.R. § 404.1527(c)(5). But it was not appropriate for the ALJ to reject the opinions of plaintiff's treating doctors, one of whom is a spine specialist, in favor of the opinions of non-examining consultants who do not specialize in spines. *See* 20 C.F.R. § 404.1527(c)(1) ("[W]e give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."); *see also* (R. 501, 503, 1528, 1542 (setting forth consultants' medical specialty codes)); Social Security Commissioner's Program Operations Manual, DI 24501.004B, Medical Specialty Codes, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424501004 (last visited July 28, 2020). Similarly, it was proper for the ALJ to consider the length of each treater's relationship with plaintiff, but she did not explain why the opinion of the IME, who examined plaintiff once, was entitled to more weight than those of the doctors who treated him for months or years. (R. 342-46); *see* 20 C.F.R. § 404.1527(c)(2) ("Generally, the longer a treating source has treated you and the more times you

have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the medical source's medical opinion more weight than we would give it if it were from a nontreating source."). Finally, even if the treaters' records state that plaintiff has normal neurological function and gait,[1] the ALJ does not explain how those findings impugn their opinions about plaintiff's ability to lift, twist, kneel, squat, bend, push, and pull. In short, the ALJ's rejection of the treaters' opinions is not supported by substantial evidence. Thus, this case must be remanded for a reassessment of the medical opinion evidence.[2]

## Conclusion

For the reasons stated above, the Court reverses the ALJ's decision, grants plaintiff's motion for summary judgment [13], denies the Commissioner's motion for summary judgment [17], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                    **ENTERED:  September 8, 2020**

**M. David Weisman**
**United States Magistrate Judge**

---

[1] The ALJ does not state where in the 2,000-page record these findings are located.
[2] Because this issue is dispositive, the Court need not address the other issues plaintiff raises.

5